RICHARD L. HOLMES, Retired Appellate Judge.
In November 1994 Curtis M. Magouirk filed a pro se complaint against Gus Colvin, Jr.
In his complaint Magouirk alleged the following: Colvin committed a fraud against Magouirk in 1971 when Colvin allowed his name to appear as counsel for Magouirk in some criminal cases when, in fact, Colvin never represented Magouirk in these eases. Although Magouirk has requested on numerous occasions that Colvin correct the mistake in the records, Colvin has refused to comply with the request. Colvin has engaged in a conspiracy to violate Magouirk’s constitutional rights and is guilty of obstruction of justice. Colvin has defrauded the county and the state if Colvin received any money from the State of Alabama for representing Mago-uirk in 1971, when, in fact, Colvin never represented Magouirk in any matter. Mago-uirk requested damages in the amount of ten million dollars.
Colvin filed a motion to dismiss. Mago-uirk filed a response to the motion to dismiss.
In its order the trial court determined that Magouirk had failed either to file his complaint within the two-year statute of limitations for fraud or to show that there was a reason for the statute of limitations to be extended under § 6-2-3, Ala.Code 1975. Further, the trial court found that the complaint consisted of eonclusory allegations of fraud and/or conspiracy. The trial court also noted that the complaint did not allege that any detrimental harm was caused by Colvin’s *202 actions. The trial court granted Colvin’s motion to dismiss and dismissed Magouirk’s complaint.
Magouirk appeals pro se. This ease is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Rule 28, Ala.R.App.P., sets out the requirements for an appellate court brief. After careful review, it is clear to this court that Magouirk has failed to comply with this rule. In fact, we cannot, in the main, discern what issues Magouirk is attempting to raise on appeal.
An appellate court is left with no choice but to affirm the trial court when the required parts of the appellant’s brief are either missing or are not readily discernible. Braxton v. Stewart, 589 So.2d 284 (Ala.Civ.App.1988).
Additionally, we would note that it is clear that the statute of limitations for fraud has run.
For the reasons stated above, the judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.